UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHUL JU CHOI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-528 |
| | § | |
| CENTURY SURETY COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Pending before the Court are the parties' cross motions for summary judgment. The plaintiffs, Chul Ju Choi and Eun Tack Oh, as alleged assignees of Jinny Hwang d/b/a Thing Ga Karaoke, filed a motion for summary judgment (Docket Entry No. 12) against the defendant Century Surety Company.  The defendant filed a response (Docket Entry No. 16) to the plaintiffs' motion, to which the plaintiffs filed a reply (Docket Entry No. 20).  The defendant also filed a motion for summary judgment (Docket Entry No. 17) and a motion to supplement that motion (Docket Entry No. 18).  The plaintiffs filed a response (Docket Entry No. 21) to the defendant's motion for summary judgment, and the defendant filed a reply (Docket Entry No. 22) to that response.

After having carefully evaluated the motions, the record, the undisputed facts and the applicable law, the Court determines that the plaintiffs have no standing to bring this case before the Court and that dismissal of the case is appropriate.  Because the plaintiffs do not have standing, this Court has no subject matter jurisdiction over this dispute.  In the absence of a

demonstrated basis for subject matter jurisdiction, the Court will not consider the parties' motions for summary judgment.

## II. FACTUAL BACKGROUND

This case presents a breach of contract dispute concerning an insurance policy that the defendant issued to Hwang d/b/a Thing Ga Karaoke. On July 16, 2005, the plaintiffs and Diem Van Nguyen were admitted into Hwang's bar after closing time. Nguyen was already intoxicated when he was admitted. While there, Nguyen shot the plaintiffs. The plaintiffs sued Hwang and Nguyen for their resulting bodily injuries in the 55th District Court of Harris County, Texas ("Hwang Suit"). On February 25, 2009, the state court awarded the plaintiffs a final judgment against Hwang and Nguyen. The state court relied upon the plaintiffs' fourth amended pleading when rendering its final judgment and preparing its findings of fact and conclusions of law.

The plaintiffs tried the Hwang Suit as a negligence case involving an accidental shooting rather than as an assault and battery case. The state court's final judgment held Hwang and Nguyen jointly and severally liable to the plaintiffs for $310,000 in damages related to their bodily injuries. Nguyen paid no portion of the damages and is not a party to the present dispute. That court also found that the admission of persons to Hwang's bar after closing time in an intoxicated state constituted an ongoing negligent activity that proximately caused the plaintiffs' injuries.

The defendant had previously issued Thing Ga Karaoke a liability insurance policy that was in effect when the shooting occurred with policy limits capable of covering the entirety of the $310,000 in damages. However, on February 26, 2009, after the Hwang Suit concluded, the defendant in the present dispute denied coverage and representation to Hwang, claiming there

was no "occurrence" of a bodily injury under the policy terms because the policy does not cover assaults and batteries. The defendant also alleged that the policy's "liquor liability" and "failure to maintain secure or safe premises" exclusions warranted its denial of coverage.

On June 24, 2009, Hwang attempted to assign all of her rights and claims against the defendant to the plaintiffs. On January 15, 2010, the plaintiffs, in their alleged capacities as assignees of Hwang, sued the defendant in the 189th District Court of Harris County, Texas, for breach of contract of insurance because the defendant denied representation to Hwang and refused to indemnify her in satisfaction of the final judgment in the Hwang Suit. The defendant timely removed the case to this Court based on diversity of citizenship.

### III.  CONTENTIONS OF THE PARTIES[1]

#### A.  The Defendant's Argument

First, the defendant claims that the plaintiffs have no standing to assert any rights under the policy purportedly assigned to them by Hwang because Hwang's attempted assignment is invalid under the policy's anti-assignment provision. Second, the defendant argues that it had no duty to defend the Hwang Suit, regardless of whether the eight-corners rule[2] applies – even though the defendant claims that this Court should consider evidence outside of those eight corners. The defendant maintains that it owes no coverage related to the Hwang Suit because every petition tendered to the defendant concerning the underlying suit alleged an injury arising out of Hwang's failure to prevent a crime, thus triggering at least one policy exclusion. The defendant claims that the plaintiff is using artful pleading techniques to transform an assault and

---

[1] Although the Court sets forth the contentions of the parties in this section, the Court will only address the standing issue during the Analysis and Discussion portion of this memorandum opinion and order.
[2] Texas law endorses the eight-corners rule. *See, e.g., GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006) ("The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from the terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the four corners of these two documents is generally prohibited.")

battery claim into a negligence claim. Third, the defendant argues that it has no duty to indemnify Hwang because the evidence shows that the plaintiffs' injuries actually arose out of the commission of a crime during a chain of events that triggered various exclusions to the policy: (1) liquor liability; (2) failure to maintain a secure or safe premises; and (3) assault and battery. Fourth, the defendant avers that Texas law does not recognize a claim for breach of the duties of good faith and fair dealing in the context of a third-party liability claim, but even if it did, the defendant properly denied the claim because it had no duty to defend or indemnify Hwang.

### B.     The Plaintiffs' Argument

First, the plaintiffs claim that they have standing in this case because Hwang properly assigned to them all of her rights and benefits against the defendant. Second, the plaintiffs argue that the eight-corners rule applies, and that the defendant did have a duty to defend the Hwang Suit under that rule. The plaintiffs maintain that the defendant is tendering impermissible evidence to the Court in an attempt to avoid its duty to defend the Hwang Suit. Third, the plaintiffs argue that the defendant has a duty to indemnify Hwang, and that the underlying facts of the Hwang Suit – as asserted in the plaintiffs' fourth amended petition – constitute an "occurrence" not excluded from coverage. The plaintiffs claim that, for indemnity purposes, the state court's final judgment, findings of fact and conclusions of law cannot be collaterally attacked. Fourth, the plaintiffs aver that the defendant breached its duties of good faith and fair dealing. The plaintiffs also seek attorneys' fees and interest on the Hwang Suit damage awards, and object to certain portions of the defendant's proffered evidence.

## IV. ANALYSIS AND DISCUSSION

The parties dispute whether the plaintiffs have standing to assert any claims against the defendant due to the policy's alleged anti-assignment provision. The Court determines that the disputed provision is an anti-assignment provision and that the plaintiffs do not have standing to bring their claims against the defendant in this Court.

Under Texas law, which governs this diversity suit, the same general rules that govern the interpretation of contracts govern the interpretation of insurance policies, and a policy must be interpreted to effectuate the intent of the parties at the time the policy was formed. *See*, *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003). Terms within an insurance contract are given "their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208-09 (Tex.App. – Houston [1st Dist.] 2003, pet. denied) (internal citation omitted).

If an insurance contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and enforceable as written. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). Only if an insurance contract is susceptible to multiple reasonable interpretations must a court adopt the interpretation most favorable to the insured. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Nevertheless, a court will not find a contract ambiguous merely because the parties offer contradictory interpretations. *See*, *Cent. States, Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 414 n. 28 (5th Cir. 2000) (quoting *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985) (internal quotation marks and citation omitted)) ("A Court will not torture words to import

ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."); *see also*, *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998).

"The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy" that permit the insurer to deny coverage. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. Civ. App. – San Antonio 1994, writ denied); *Venture Encoding Serv., Inc. v. Atl. Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App. – Fort Worth 2003, pet. denied) (stating that the Texas Insurance Code places the burden on the insurer to prove any exception to coverage). Once the insurer has established that an exclusion applies, the burden shifts back to the insured to prove that an exception to the exclusion applies. *Guar. Nat'l Ins. Co.*, 143 F.3d at 193 (internal citation omitted).

With these principles in mind, the Court turns to the relevant policy language. The policy reads, in pertinent part:

> **Transfer Of Your Rights And Duties Under This Policy**
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

*See* [Docket Entry No. 17-1, Ex. A, "Common Policy Conditions," p. 1]. The Court determines that the terms of this provision are unambiguous on their face. Because the terms are unambiguous, they are given their plain meaning, in accordance with the general rules of contract interpretation. *See, Bituminous Cas. Corp.*, 110 S.W.3d at 208-09. Therefore, the Court determines that this provision is indeed an anti-assignment provision.

Next, the parties dispute whether any Texas statute applies that renders the anti-assignment provision void. Texas courts uphold anti-assignment provisions so long as they do

not interfere with the operation of a statute. *Tex. Dev. Co. v. Exxon Mobile Corp.*, 119 S.W.3d 875, 880 (Tex. App. – Eastland 2003, no pet.) (citing *Reef v. Mills Novelty Co.*, 89 S.W.2d 210, 211 (Tex. 1936)). The plaintiffs claim that the Texas Property Code renders the anti-assignment provision void. Their cited code provision reads:

> (a) A judgment or part of a judgment of a court of record or an interest in a cause of action on which suit has been filed may be sold, regardless of whether the judgment or cause of action is assignable in law or equity, if the transfer is in writing.

TEXAS PROPERTY CODE § 12.014(a). That provision simply allows the plaintiffs to sell their judgment creditor interest against Hwang to someone else, if they desire. It does not allow Hwang to transfer her rights under the policy to the plaintiffs. As the record reflects, Hwang attempted to assign her contractual interest in her insurance policy to the plaintiffs, not her interest in a judgment that had been rendered against the defendant. *See*, *Decorative Ctr. of Houston v. Direct Response Publs., Inc.*, 264 F. Supp. 2d 535, 544 n. 20 (S.D. Tex. 2003). Therefore, the plaintiffs' cited Texas Property Code provision is inapplicable to the case at bar.

The plaintiffs' references to other Texas code provisions also fail. The plaintiffs' reference to Section 2.210(b) of the Texas Business and Commerce Code[3] specifically applies to the sales of goods and does not govern other contracts such as the insurance policy at issue here. *See*, *Tex. Dev. Co.*, 119 S.W.3d at 881 (noting that Chapter 2 of the Texas Business and Commerce Code applies to the sale of goods – not to the sale of other things such as contracts for personal services).

The plaintiffs' reference to Chapter 9 of the same code is equally unavailing. *See*, TEX. BUS & COM. CODE § 9.408(a)-(c). Chapter 9 deals with secured transactions. That subsection of

---

[3] " . . . A right to damages for breach of the whole contract or right arising out of the assignor's due performance of his entire obligation can be assigned despite agreement or otherwise." TEX. BUS & COM. CODE § 2.210(b). *See also*, TEX. BUS & COM. CODE § 2.105 (defining "goods").

Chapter 9 deals with the categories of promissory notes, health-care-insurance receivables and certain general intangibles. The policy at issue here does not fall into any of the Chapter 9 categories.

Accordingly, the plaintiffs have not shown this Court any statute that renders the policy's anti-assignment provision void. Because the anti-assignment provision is valid and not voided by statute, Hwang's attempted assignment of her interest in the policy to the plaintiffs is invalid. Although the plaintiffs are judgment creditors of Hwang, and thus, third-party beneficiaries under the policy, Hwang cannot assign her policy rights to the plaintiffs without the defendant's consent. Hwang did not receive the defendant's consent before attempting to assign her policy rights to the plaintiffs in this case.

Therefore, the plaintiffs have no standing in this Court. Standing implicates subject matter jurisdiction, which can be raised at any time, including appeal. *Tex. Ass'n of Business v. Tex. Air Control Board*, 852 S.W.2d 440, 443-45 (Tex. 1993). Standing is a necessary component of subject matter jurisdiction, and that component is lacking here. Therefore, the Court dismisses this case for lack of subject matter jurisdiction. In the absence of a demonstrated basis for subject matter jurisdiction, this Court cannot consider the parties' competing motions for summary judgment.

V.   **CONCLUSION**

Based on the foregoing analysis and discussion, the case is DISMISSED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 27th day of September, 2010.

_____
Kenneth M. Hoyt
United States District Judge